REDMANN, Judge.
This court on its own motion, after a routine preliminary examination of the record, dismisses this appeal. Considering the appeal as an application for relief under out supervisory jurisdiction, we conclude that the ruling complained of is correct.
The appeal is from a trial court’s refusal of an ex parte order to declare null and void two successions (the proceedings?) and any related land transactions. The simple refusal to sign an order ex parte, on the grounds that the matter is one which must be contested with other interested parties having an opportunity to be heard, is an interlocutory order, which is not appealable unless the order “may cause irreparable injury,’’ C.C.P. 2083.
As an application for writs of review, the “appeal” does not show any error by the trial court. Applicant’s notion that only his individual rights are at stake is erroneous. There may be a question whether applicant has any rights, that is, whether he is in fact an heir or perhaps an impostor. Certainly whoever paid to have the succession proceedings handled in the past has an equal right to be heard by the court before the work they paid for should be annulled.
The appeal is dismissed.